UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                  :
NEW JERSEY BUILDING LABORERS'          :
STATEWIDE BENEFIT FUNDS and the        :           Civil Action No.: 18-cv-
TRUSTEES THEREOF,                               :
                                                  :           CIVIL ACTION
              Plaintiffs,                               :
                                                  :           **COMPLAINT**
       v.                                          :
                                                  :
JVS CONSTRUCTION LLC,                     :
                                                  :
              Defendant.                            :
                                                  :
_____ :

       Plaintiffs New Jersey Building Laborers Statewide Benefit Funds and the Trustees

Thereof ("Plaintiffs" or "Funds"), by their undersigned attorneys, allege and say as follows:

## NATURE OF THE ACTION

       1.      This is an action under sections 502(a)(3) and 515 of the Employee Retirement

Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, to collect

delinquent contributions to employee benefit plans and for related relief.

## PARTIES

       2.      Plaintiff Funds are trust funds established and maintained pursuant to section

302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and include employee benefit plans within the

meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds bring and maintain this

action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Funds are

administered at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

3.      Plaintiff Trustees of the Funds are fiduciaries of the Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Trustees bring this action on behalf of themselves, the Funds and its participants and beneficiaries pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 112(a)(3). The Trustees maintain their offices and principal place of business at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

4.      Upon information and belief, Defendant JVS Construction LLC ("JVS") is an employer within the meaning of section 142 of the LMRA, 29 U.S.C. § 142, with a place of business at 38 Delaware Avenue, Passaic, New Jersey 07055. JVS is an employer in an industry affecting commerce within the meaning of ERISA, including sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 185 and 1132(e).

6.      Venue properly lies in this District pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2) because the Funds are administered in New Jersey and Defendant does business in New Jersey.

## FACTS

7.      J. Scrofani Construction Corp. ("J. Scrofani") is a contractor which was and still is a signatory to a Collective Bargaining Agreement ("CBA") with the New Jersey Building Construction Laborers District Council and Local Unions ("the Union").

8.      Pursuant to the CBA, J. Scrofani was obligated to hire members of the Union to perform bargaining unit work covered by the CBA.

9.     Pursuant to the CBA , J. Scrofani agreed to remit fringe benefit contributions to the Funds for covered work performed by its employees.

10.     The United States District Court, District of New Jersey has entered judgments in favor of the Funds and against J. Scrofani as follows:

*New Jersey Building Laborers' Statewide Benefit Funds and the Trustees Thereof v. J. Scrofani Const. Corp.*, 12-cv-2096, in the amount of $12,452.56;

*New Jersey Building Laborers' Statewide Benefit Funds and the Trustees Thereof v. J. Scrofani Const. Corp.*, 12-cv-2741, in the amount of $10,045.34;

*New Jersey Building Laborers' Statewide Benefit Funds and the Trustees Thereof v. J. Scrofani Const. Corp.*, 12-cv-3443, in the amount of $5,046.57;

*New Jersey Building Laborers' Statewide Benefit Funds and the Trustees Thereof v. J. Scrofani Const. Corp.*, 12-cv-4352, in the amount of $6,400.44;

*New Jersey Building Laborers' Statewide Benefit Funds and the Trustees Thereof v. J. Scrofani Const. Corp.*, 17-cv-0949, in the amount of $118,407.36; and

*New Jersey Building Laborers' Statewide Benefit Funds and the Trustees Thereof v. J. Scrofani Const. Corp.*, 17-cv-4813, in the amount of $43,889.93.

The outstanding balance on these judgments is $68,138.16.

11.     Pursuant to the terms of the CBA, Funds have the "right to inspect at all reasonable times the payroll, employment and other such records of the Employer as are pertinent to questions of the accuracy" of contributions to the Funds.

12.     A payroll compliance audit of J. Scrofani for the period from January 1, 2014 through April 17, 2017 revealed that it had failed to make required contributions to the Funds in the amount of $284,945.43.

13.      Upon information and belief, on or about May 15, 2017, J. Scrofani filed for Chapter 7 bankruptcy protection in the United State Bankruptcy Court for the District of New Jersey in a matter captioned *In Re: J. Scrofani Construction Corp.*, Case No.: 17-19984 (RG).

14.     Upon information and belief, J. Scrofani did not abrogate the CBA or reject the CBA under 11 U.S.C. § 1113, and its contractual obligations continue.

15.     Pursuant to the terms of the CBA, J. Scrofani its owners, officers, and agents are prohibited from operating other business entities to circumvent their obligations thereunder:

> In order to protect and preserve work for the employees covered by this Agreement and to protect the benefits to which employees are entitled to under this Agreement, and to prevent any device or subterfuge to avoid the protection and preservation of such work and benefits, it is agreed that when the Employer performs any work of the type covered by this Agreement at any work site (1) under its own name, or (2) under the name of another entity (whether a corporation, company, partnership, joint venture, or any other business entity) where the Employer, including its owners, stockholders, officers, directors, or partners, exercise either directly or indirectly (such as through family members or company employees) any significant degree of ownership, management or control, the terms of this Agreement shall be applicable to all such work.

## J. Scrofani and JVS

16.     Upon information and belief, or about May 5, 2005, JVS was incorporated in New Jersey.

17.     Upon information and belief, at relevant times, J. Scrofani and JVS shared common ownership, management, interrelated operations, and centralized control of labor relations:

     a.   J. Scrofani and JVS perform construction and masonry work;

     b.   John S. Scrofani ("Mr. Scrofani") is the president of J. Scrofani and the registered agent and principal of JVS;

     c.   JVS maintains a place of business and operations at the same address as J. Scrofani, located at 38 Delaware Avenue, Passaic, New Jersey 07055;

     d.   JVS's service of process address located at 20 W Sunset Road, Pompton Plains, New Jersey 07444, is owned by Mr. Scrofani; and

  e.  JVS maintains working relationships with certain general contractors who previously employed J. Scrofani.

18. Upon information and belief, at relevant times, J. Scrofani and JVS shared resources, assets, and employees who performed work covered by the CBA.

19. Upon information and belief, at relevant times, J. Scrofani and JVS acted as a single integrated enterprise; there were no arm's length relationships between them.

20. Upon information and belief, at relevant times, J. Scrofani's owners, officers, directors, or partners, exercised either directly or indirectly, a significant degree of ownership, management or control of JVS's operations.

21. Upon information and belief, JVS was used to evade J. Scrofani's obligations under the CBAs.

## COUNT I

## (Unpaid contributions for February 28, 2012 through April 25, 2017 - ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145)

22. Plaintiffs repeat the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

23. Upon information and belief, J. Scrofani formed and operated JVS in violation of the CBA.

24. Upon information and belief, at relevant times, J. Scrofani used JVS to evade its contractual and statutory obligations to the Funds.

25. At relevant times, J. Scrofani and JVS shared common ownership, management, interrelated operations and centralized control of labor relations.

26. At relevant times, J. Scrofani and JVS operated as a single integrated enterprise and are a single employer for the purposes of collective bargaining obligations.

26.     Alternatively, J. Scrofani and JVS are alter egos of each other and JVS is liable for J. Scrofani's delinquent contributions pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

27.     Upon information and belief, substantially all of J. Scrofani's assets were transferred to JVS.

28.     Upon information and belief, at relevant times, there was continuity of operations between J. Scrofani and JVS:

      a.   JVS employs substantially all of J. Scrofani's management and supervisory personnel;

      b.   JVS employs a part of J. Scrofani's workforce;

      c.   JVS uses J. Scrofani's offices, equipment, and machinery;

      d.   JVS works with certain general contractors who had previously employed J. Scrofani; and

      e.   JVS performs the same construction and masonry work as J. Scrofani.

29.     Upon information and belief, at relevant times, JVS had notice of J. Scrofani's delinquent ERISA fund contributions:

**WHEREFORE**, Plaintiffs pray for the following relief:

      (a)  judgment against JVS in favor of the Funds in the amount of $353,083.59;

      (b)  interest on the unpaid contributions;

      (c)  liquidated damages;

      (d)  reasonable attorney's fees and costs; and

      (e)  such other legal or equitable relief as the Court deems appropriate.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

Dated: August 23, 2018                    */s/ JENNIFER CHANG*

_____

JENNIFER CHANG


## CERTIFICATION WITH LOCAL RULE 11.2

The undersigned hereby certifies that this matter in controversy action is not the subject of any other action pending in any court, arbitration or administrative proceeding.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

Dated: August 23, 2018                    */s/ JENNIFER CHANG*

_____

JENNIFER CHANG